UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

|  |  |  |
|---|---|---|
| Shaquanda Tana Beard, | ) | Case No. 10-51592 |
| Debtor. | )<br>)<br>)<br>) |  |

**ORDER AND OPINION DENYING MOTION BY DEBTOR FOR
SANCTIONS AGAINST CAPITAL ONE AUTO FINANCE**

THIS MATTER came on for hearing before the undersigned bankruptcy judge on the Motion by Debtor for Sanctions against Capital One Auto Finance for Violation of the Automatic Stay. Kenneth Love appeared on behalf of Shaquanda Tana Beard, the Debtor, and John W. Fletcher appeared on behalf of Capital One Auto Finance. Having considered the pleadings, evidence, and other matters of record, the Court makes the following findings of fact and conclusions of law:

**FACTS**

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 10, 2010. Capital One Auto Finance ("the Creditor") has a secured claim against the Debtor perfected by a lien on a 2005 Pontiac Grand Prix (the "Vehicle"). On November 28, 2011, the Debtor filed a notice converting her Chapter 13 case to a case under Chapter 7, along with a Statement of Intention indicating her intent to retain the Vehicle and to reaffirm the debt with the Creditor. The first § 341 meeting of creditors was held on January 6, 2012.

On January 26, 2012, counsel for the Debtor received a reaffirmation agreement from the Creditor, through its authorized agent, concerning the Vehicle. The reaffirmation agreement provided for the Debtor to make one payment of $16,149.46 as payment in full. Debtor's counsel responded to the Creditor with correspondence in which he indicated that

he could not recommend the reaffirmation agreement, as proposed by the Creditor, to his client and indicated that the Debtor was interested in negotiating if the Creditor was interested in proposing payment terms. Debtor's counsel did not receive a response. Debtor's counsel did not send the Creditor a reaffirmation agreement that was signed by the Debtor and provided for the original contract terms.

The Debtor's account with the Creditor is due for July 2010 and all subsequent payments. On February 29, 2012, the Creditor's agents repossessed the Vehicle. At no time during the Chapter 13 or Chapter 7 proceeding did the Creditor request or obtain relief from the automatic stay.

## ANALYSIS

The Debtor contends that the Creditor's repossession of the Vehicle was in violation of the automatic stay as set forth in § 362(a) of the Bankruptcy Code. The Debtor requests sanctions for damages incurred and an order directing the Creditor to return the Vehicle. In response, the Creditor argues that the automatic stay had terminated prior to the repossession pursuant to § 362(h). The issue before the Court is whether the Debtor performed her intention as required by § 521(a)(2)(B) and satisfied § 362(h)(1)(B) such that the automatic stay did not terminate, despite the fact that she did not enter into a reaffirmation agreement with the Creditor.

Pursuant to § 362(h)(1), the automatic stay provisions of § 362 are automatically terminated with respect to personal property of the estate or the debtor if the debtor fails, within the applicable time set forth in § 521(a)(2):

> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such

2

> personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1). Thus, embedded in subsection (B) is an exception to the more general provisions of § 362(h)(1) such that the automatic stay does not lift if a creditor refuses a debtor's offer to reaffirm on the original contract terms, despite a debtor's failure to timely take the action specified in any statement of intention.

Section 521(a)(2)(A) and (B) establish two applicable time periods. First, within 30 days after the petition date, the debtor shall file a statement of intention with regard to debts secured by property of the estate indicating whether the debtor will surrender or retain the property, and if retaining property, whether the debtor intends to redeem such property or to reaffirm debts secured by such property. 11 U.S.C. § 521(a)(2)(A). Second, within 30 days after the first date set for the § 341 meeting of creditors, the debtor shall perform her intention with respect to such property. 11 U.S.C. § 521(a)(2)(B).

In this case, the Debtor filed a Statement of Intention reflecting her intent to retain the Vehicle and to reaffirm the debt with the Creditor, fulfilling her obligation to comply with the first applicable time period, as set forth in § 521(a)(2)(A), and thereby, also satisfied § 362(h)(1)(A). Since the date first set for her § 341 meeting of creditors was January 6, 2012, she was then required by § 521(a)(2)(B) to perform her intention by February 6, 2012. It is undisputed that she did not enter into a reaffirmation agreement with the Creditor during this time period. Nevertheless, the Debtor asserts that she performed her intention, within the

meaning of § 521(a)(2)(B), by stating her intention to reaffirm and expressing interest in negotiating payment terms. The Court finds that these steps, taken together, were not sufficient to constitute performance. *See In re Hardiman*, 398 B.R. 161, 187-88 (E.D.N.C. 2008) (signing a reaffirmation agreement constitutes performing an intention); *In re Hinson*, 352 B.R. 48, 50 (Bankr. E.D.N.C. 2006) (holding debtor satisfied § 521(a)(2)(B) by timely signing and returning to the creditor an agreement reaffirming the debt on its original terms). *But see In re Schwass*, 378 B.R. 859, 862 (Bankr. S.D.Ca. 2007) (holding a debtor "performs" his intention under § 521(a)(2)(B) by standing ready and willing to execute a reaffirmation agreement prepared by the creditor).

Similarly, in order to prevent the termination of the automatic stay, § 362(h)(1)(B) requires the debtor "to take timely the action specified" in the statement of intention, that being some action beyond simply filing the statement of intention. *In re Hardin*, __ B.R. __, 2011 WL 1656094, at *7-8 (Bankr. D. Conn. 2011). The Court finds that, in this case, the Debtor's expression of interest in negotiating should the Creditor propose payment terms was not sufficient to satisfy the requirements of § 362(h)(1)(B).

Even if a debtor does not perform his or her intention pursuant to § 521(a)(2)(C) or take action § 362(h)(1)(B), the operation of the exception set forth § 362(h)(1)(B) can provide a debtor with safe harbor if a debtor specifies the intention to reaffirm on the original contract terms and the creditor refuses to agree. In this case, the Debtor did not specify her intention to reaffirm on the original contract terms. In fact, the correspondence to the Creditor conspicuously fails to state that the Debtor intends to reaffirm the debt on the original contract terms. As a result, the exception in § 362(h)(1)(B) is not applicable and the

4

automatic stay terminated upon the expiration of the applicable time periods in § 521(a)(2). Accordingly, the Debtor is not entitled to sanctions and her motion must be denied.

Lastly, the Creditor alleges that the Debtor's motion was filed in violation of Fed. R. Bankr. P. 9011 and requests that it be reimbursed its reasonable attorney's fees in this matter. The Court finds that the Debtor's motion was not frivolous nor filed for an improper purpose; therefore the Creditor's request is denied.

IT IS SO ORDERED.

## SERVICE LIST

Shaquanda T. Beard
Debtor

Kenneth Love
Attorney for Debtor

John W. Fletcher, III
Attorney for Capital One Auto Finance

Bruce Magers
Trustee

Michael West
US Bankruptcy Administrator